[PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 20-13179

_____

DORIS SLOAN,
widow of Gurstle Sloan,

                                                        Petitioner,

*versus*

DRUMMOND COMPANY, INC.,
DIRECTOR, OFFICE OF WORKER'S COMPENSATION
PROGRAMS,
U.S. DEPARTMENT OF LABOR,

                                                        Respondents.

_____

Petition for Review of a Decision of the
Benefits Review Board
Agency No. BRB-2019-0056-BLA

_____

Before WILLIAM PRYOR, Chief Judge, and JORDAN and BRASHER, Circuit Judges.

WILLIAM PRYOR, Chief Judge:

This appeal requires us to decide whether we have jurisdiction over a petition for review of a denial of survivor's benefits under the Black Lung Benefits Act filed in this Court one day late. Because the filing deadline is jurisdictional and we have no jurisdiction to review the denial of a motion for reconsideration by the Benefits Review Board, we lack jurisdiction to review the petition. We dismiss the petition for lack of jurisdiction.

## I. BACKGROUND

In 2006, Doris Sloan filed for survivor's benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–950, after the death of her husband, Gurstle Sloan, who had worked as a coal miner for Drummond Company for 16 years. An administrative law judge denied her claim, and that denial was reviewed twice. This petition concerns the Board's third review of Sloan's claim. Sloan argued to the Board that the administrative law judge improperly excluded evidence supporting her request to modify her claim and erred by finding that the evidence did not establish that her husband's death

was due to pneumoconiosis. *See Sloan v. Drummond Co.*, BRB No. 19-0056 BLA, 2019 WL 7505673, at *2 (Ben. Rev. Bd. Dec. 3, 2019).

On December 3, 2019, the Board affirmed the administrative law judge's denial of survivor's benefits. *See id.* at *6. Sloan timely moved for reconsideration by the en banc Board. She argued that the administrative law judge erred by excluding and failing to consider certain evidence and by improperly relying on the opinion of the government's expert witness. Sloan also argued that the administrative law judge failed to properly weigh the evidence as a whole.

On June 25, 2020, the Board denied Sloan's motion for reconsideration en banc. It explained that it had considered Sloan's arguments and reviewed the panel decision and that no member voted for reconsideration. On July 24, 2020, Sloan filed a second motion for reconsideration. She again asserted that certain evidence should have been considered; that reliance on a government witness was improper; and that all the evidence needed to be considered together.

On August 25, 2020, 61 days after the Board ruled on Sloan's first motion for reconsideration, we received Sloan's petition for review. Sloan challenges the Board's December 2019 order. She acknowledges that the Board ruled on her original motion for reconsideration on June 25, 2020, and explains that she did not receive the Board's order denying her first motion for reconsideration until July 20, 2020, because her attorney was sheltering in place because of COVID-19 and could not receive certified mail.

The Board sent a letter to this Court that explained that Sloan's claim was still pending before the Board because Sloan had filed a timely second motion for reconsideration on July 24, 2020, and the Board retained jurisdiction over the case. The Board stated that the parties would have 60 days after it ruled on the second motion for reconsideration to petition for review in this Court. A month later, the Board sent a second letter to this Court. In the second letter, the Board reiterated that it still had jurisdiction over the case and would forward the record to the Court after it ruled on the second motion for reconsideration. Based on these letters, we issued a jurisdictional question to the parties and asked them to address whether the Board was still considering the second motion for reconsideration; whether the second motion for reconsideration rendered the underlying Board decision nonfinal and precluded judicial review; whether the second motion for reconsideration tolled the time to petition for review of the underlying order; and whether the present petition is otherwise timely, as it was filed 61 days after the Board's decision on the first motion for reconsideration.

The Director argues that we lack jurisdiction over Sloan's petition because it was untimely filed by one day and the deadline for filing a petition is not subject to equitable tolling. The Director contends that Sloan's second motion for reconsideration does not toll the time to appeal the Board's December 2019 decision. The Director also contends that we lack jurisdiction to review the decision to deny Sloan's first motion for reconsideration because we have no jurisdiction to review such denials when the motion

alleges material error based on the same record that was before the administrative law judge. Drummond Company joined the Director's response to the jurisdictional question. Sloan asserts that the Board was still considering her second motion when she responded to the jurisdictional questions; that the Board had certified in its earlier letters to this Court that the second motion for reconsideration was timely; and that her petition for review was timely because three days were added to the appeal time under Federal Rule of Appellate Procedure 26(c). She also argues that her second motion for reconsideration tolled the time to petition for review of the December 2019 decision.

On January 12, 2021, the Board denied Sloan's second motion for reconsideration. The Director then filed a supplemental response to the jurisdictional questions that reiterated her position that we lacked jurisdiction over Sloan's petition. Sloan also filed a supplemental response, arguing that her petition for review was timely because it was postmarked August 24, 2020; that the Board said it retained jurisdiction until the second motion for reconsideration was decided; and that the Board denied Sloan's second motion for reconsideration without addressing all the issues raised. We carried the jurisdictional questions with the petition.

## II. STANDARD OF REVIEW

We review our subject-matter jurisdiction *de novo*. *Blanc v. U.S. Att'y Gen.*, 996 F.3d 1274, 1277 (11th Cir. 2021).

## III. DISCUSSION

We divide our discussion into three parts. First, we explain that Sloan's petition was untimely. Second, we explain that because the deadline to file a petition in this Court is jurisdictional, Sloan's failure to meet it requires dismissal. Last, we explain that we lack jurisdiction to review the Board's June 2020 denial of Sloan's first motion for reconsideration.

### A.  Sloan's Petition Was Untimely.

A person challenging an adverse final order by the Board must file a petition for review in the court of appeals within 60 days of the issuance of the order. 33 U.S.C. § 921(c). An order is final and subject to the 60-day period when it "ends the litigation" and "leaves nothing for the court to do but execute the judgment." *Cooper Stevedoring Co. v. Dir., Off. of Workers' Comp. Programs*, 826 F.2d 1011, 1014 (11th Cir. 1987) (citation and internal quotation marks omitted). If a timely motion for reconsideration is filed after the Board issues a decision, "the 60-day period for filing [a] petition for review [with the court of appeals] will run from the issuance of the Board's decision on reconsideration." 20 C.F.R. § 802.406. A motion for reconsideration is timely if it is filed within 30 days of the panel decision. *Id.* § 802.407(b).

When an order becomes reviewable, the 60-day deadline is a hard deadline unaffected by service on the parties. *Rich v. Dir., Off. of Workers' Comp. Programs*, 798 F.2d 432, 433 (11th Cir. 1986) ("Federal regulations explicitly provide that the Board must file its decision with the Clerk of the Board and judicial review must be sought within sixty days of that filing. . . . The date of filing is not affected by the date of service on [the petitioner] or [her] attorneys." (citation omitted)). And a petition for review is considered filed on the date that the Clerk receives it. *Id.*

The Board issued its initial decision on December 3, 2019, and Sloan timely moved for reconsideration. The decision did not become final and reviewable until the Board denied Sloan's first motion for reconsideration on June 25, 2020. So the deadline to petition for review was 60 days later, on August 24, 2020. We received Sloan's petition on August 25, 2020, 61 days after the Board issued its order on Sloan's first motion for reconsideration. Based on the text of the statute, Sloan's petition is untimely.

Sloan argues that Federal Rule of Appellate Procedure 26(c) adds three days to her 60-day window to petition for review. Rule 26(c) states that "[w]hen a party may or must act within a specified time after being served, and the paper is not served electronically on the party or delivered to the party on the date stated in the proof of service, 3 days are added after the period would otherwise expire." FED. R. APP. P. 26(c). Sloan argues that because she did not receive notice of the Board's decision until July 20, 2020, she is entitled to the three-day extension.

Our precedent forecloses her argument. We dismissed a petition for review of a final decision by the Board that was two days late because the deadline for filing a petition "is not affected by the date of service on [the petitioner] or his attorneys." *Rich*, 798 F.2d at 433 (citation omitted). We explained that the statute and regulations make clear that the filing period is 60 days and that they do not incorporate the extension in Rule 26(c). *See id.* That Sloan's attorney did not receive notice of the decision until July 20, 2020, has no effect on the deadline for a petition for review.

Moreover, that Sloan filed a second motion for reconsideration is of no consequence because her second motion did not extend her time to appeal from the Board's December 2019 decision. The relevant regulations do not expressly contemplate successive motions for reconsideration, and other areas of law provide that only an initial motion for reconsideration renders an order nonfinal for purposes of extending a party's time to appeal. *See* 20 C.F.R. § 802.406; *Finch v. City of Vernon*, 845 F.2d 256, 259 (11th Cir. 1989); *Wright v. Preferred Rsch., Inc.*, 891 F.2d 886, 889 (11th Cir. 1990); *United States v. Rothseiden*, 680 F.2d 96, 98 (11th Cir. 1982). That the Board deemed Sloan's second motion for reconsideration timely with respect to the first order denying reconsideration is irrelevant; Sloan's time to appeal continued to run as to the original order. *See Peabody Coal Co. v. Abner*, 118 F.3d 1106, 1108 (6th Cir. 1997); *Midland Coal Co. v. Dir., Off. of Workers' Compensation Programs*, 149 F.3d 558, 564 (7th Cir. 1998), *overruled on alternative ground by Saban v. U.S. Dep't of Lab.*, 509 F.3d 376 (7th Cir. 2007).

### B. We Lack Jurisdiction to Review Sloan's Petition Because Section 921(c)'s Filing Deadline Is Jurisdictional.

Because Sloan's petition was untimely, we must consider whether the statutory deadline to file a petition is jurisdictional or a claims-processing rule. The Supreme Court has explained the difference between those kinds of rules. A jurisdictional prescription sets the bounds of the "court's adjudicatory authority." *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004). A claims-processing rule, by contrast, does not. Claims-processing rules "seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011). The distinction between the rules matters because "[h]arsh consequences attend the jurisdictional brand." *Fort Bend County v. Davis*, 139 S. Ct. 1843, 1849 (2019) (citation and internal quotations marks omitted). For example, jurisdictional rules are not subject to equitable exceptions and cannot be waived or forfeited. *Boechler, P.C. v. Comm'r of Internal Revenue*, 142 S. Ct. 1493, 1497 (2022).

Because jurisdictional rules have harsh consequences, a procedural requirement is jurisdictional only if Congress "clearly states" that it is. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515 (2006). Congress need not "incant magic words," *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013), but the "traditional tools of statutory construction must plainly show that Congress imbued a procedural bar with jurisdictional consequences," *United States v. Kwai Fun Wong*, 575 U.S. 402, 410 (2015).

We consider three factors when determining whether Congress has clearly stated that a procedural requirement is jurisdictional: the text, the statutory context, and the degree of flexibility afforded to potential claimants. *See Henderson*, 562 U.S. at 438–41. A procedural requirement is jurisdictional if the statutory provision speaks in jurisdictional terms or refers to jurisdiction, is placed within a jurisdictional section of the statute, or is part of a scheme that is not designed to be flexible for claimants but instead places strict requirements on them, like statutes of limitations or burdens of proof or persuasion. *See id.*

Section 921(c) is jurisdictional. The text "speak[s] in jurisdictional terms" and "refer[s] . . . to the jurisdiction" of the courts of appeals. *Id.* at 438 (citation and internal quotation marks omitted). It states that courts of appeals "shall have jurisdiction" only if a petition for review is filed "within sixty days following the issuance" of a Board order. 33 U.S.C. § 921(c); *see also Brown v. Dir., Off. of Workers' Comp. Programs*, 864 F.2d 120, 122 (11th Cir. 1989). Section 921(c) makes clear that a court of appeals has jurisdiction only upon the filing of a petition within 60 days of a final Board order.

The statutory context also suggests that the provision is jurisdictional. The caption of section 921(c)—"Courts of appeals; jurisdiction"—clearly frames the statutory requirements as jurisdictional. *See Henderson*, 562 U.S. at 439 (explaining that a subchapter captioned "Jurisdiction; finality of decisions" was a jurisdictional provision (internal quotation marks omitted) (quoting 102 Stat. 4113, 4113–14)); *see also* Antonin Scalia & Bryan A. Garner, *Reading*

*Law: The Interpretation of Legal Texts* § 35, at 221 (2012) ("The title and headings are permissible indicators of meaning."). The placement of section 921(c) also establishes that its 60-day deadline is jurisdictional. Unlike the statutory provision in *Henderson*, no other part of the Act is captioned "jurisdiction." *See* 33 U.S.C. §§ 901–950; *see also Henderson*, 562 U.S. at 439 (explaining that the relevant provision was a claims-processing rule because Congress placed it in a subchapter captioned "Procedure" and not in the subchapter captioned "Organization and Jurisdiction" (citation and internal quotation marks omitted)). And the broader context of the statute does not suggest that section 921(c) is meant to be a claims-processing rule. There is no sign that Congress has a special solicitude for black-lung victims: the Act has a statute of limitations, 33 U.S.C. § 913(a), and the initial burden is on the claimant to bring evidence to establish entitlement to benefits, *see id.* § 921(c); *cf. Henderson*, 562 U.S. at 440 (explaining that Congress's scheme governing veterans' rights places a thumb on the scale in the veterans' favor by allowing lenity as to the time to file for benefits and by not establishing burdens of proof and persuasion).

The language of section 921(c) sets it apart from statutes that the Supreme Court has held are not jurisdictional. In *Hamer v. Neighborhood Housing Services of Chicago*, for example, the Supreme Court noted that the filing deadline at issue did not appear in a statute; it came from the Federal Rules of Appellate Procedure. 138 S. Ct. 13, 16, 19–21 (2017) (explaining that a deadline "prescribed only in a court-made rule"—and not in a statute—is not jurisdictional and is instead a claims-processing rule). But the deadline for

Sloan's petition comes directly from the text of section 921(c). Section 921(c) also includes the word "jurisdiction." In *Henderson*, by contrast, the Supreme Court concluded that the deadline was a claims-processing rule because the statute at issue did not mention jurisdiction. *See* 562 U.S. at 438; *see also Harrow v. Dep't of Defense*, No. 23-21, slip op. at 5, ___ S. Ct. ___ (May 16, 2024) (explaining that a time-bar provision is not jurisdictional because there was "no mention" of jurisdiction in the provision). Indeed, the Supreme Court has explained that clear statutory mention of jurisdiction—like the statutory phrase "no court shall have jurisdiction"—signals that a statutory provision is a jurisdictional rule. *See Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1113 (2023) (citation and internal quotation marks omitted). And section 921(c) uses clear jurisdictional language. Because section 921(c) is jurisdictional, it is not subject to equitable tolling. *See United States v. Johnson*, 541 F.3d 1064, 1068 (11th Cir. 2008).

### C.  *We Lack Jurisdiction to Review the Board's Order Denying Sloan's First Motion for Reconsideration.*

We also asked the parties whether we have jurisdiction to review the Board's decision to deny Sloan's first motion for reconsideration. This question concerns our jurisdiction to review the Board's June 2020 decision. Because Sloan based her motion for reconsideration on the same arguments and the same record before the Board, we have no jurisdiction to review the denial of it.

The Supreme Court has held that when a party petitions an agency for reconsideration on the same record that was before the

agency when it rendered its original decision, the order denying the rehearing is not reviewable. *ICC v. Bhd. of Locomotive Eng'rs*, 482 U.S. 270, 280 (1987). Although that decision did not involve a claim for black-lung benefits, one of our sister circuits has held, citing *Brotherhood*, that a Board decision to deny a motion for reconsideration in a black-lung case is not reviewable. *See Betty B Coal Co. v. Dir., Off. of Workers' Comp. Programs*, 194 F.3d 491, 496 (4th Cir. 1999). And we agree with our sister circuits that the language in *Brotherhood* applies to agencies generally, including the Board. *See id.*; *see also Palacios v. Spencer*, 906 F.3d 124, 126 (D.C. Cir. 2018); *Vill. of Barrington v. Surface Transp. Bd.*, 892 F.3d 252, 268 (7th Cir. 2018).

Like the motion in *Brotherhood*, Sloan's first motion for reconsideration raised no new arguments. Sloan did not offer any "new evidence" or "changed circumstances." *See Brotherhood*, 482 U.S. at 278 (citation and internal quotation marks omitted). Instead, she argued that the administrative law judge erred in excluding and failing to consider certain evidence, failed to weigh the evidence as a whole, and improperly relied on the opinion of the government's expert witness. Sloan based her motion "on the same record that was before the agency when it rendered its original decision." *Id.* at 280. So the Board's denial of Sloan's motion for reconsideration "is not itself reviewable." *Id.* (citation and internal quotation marks omitted).

## IV. CONCLUSION

We **DISMISS** Sloan's petition for lack of jurisdiction.

20-13179                JORDAN, J., Concurring                1

JORDAN, Circuit Judge, Concurring:

I join the court's opinion in full, and write separately to explain that, even if we had jurisdiction, I would vote to deny the petition on the merits.

"Decisions of the ALJ are reviewable only as to whether they are in accordance with law and supported by substantial evidence in light of the entire record. This deferential standard of review binds both the [Benefits Review Board] and this Court." *Lollar v. Alabama By-Products Corp.*, 893 F.2d 1258, 1261 (11th Cir. 1990). The Supreme Court has defined "substantial evidence" as "more than a scintilla," i.e., evidence that "reasonable mind[s] might accept as adequate." *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

Here, the ALJ weighed the competing evidence in determining that Ms. Sloan was not entitled to benefits. For example, in finding that Mr. Sloan did not have complicated pneumoconiosis, the ALJ placed greater weight on the autopsy report than on the x-rays and CT scans. *See Sloan v. Drummond Co., Inc.*, BRB No. 19-0056 BLA, 2019 WL 7505673, at *3 (Ben. Rev. Bd. Dec. 3, 2019). Even if we disagreed with the ALJ's evaluation of the competing evidence, we would not be able to substitute our view of the record for that of the ALJ. *See Dir. Off. of Workers' Comp. Programs v. Bethlehem Steel Corp.*, 620 F.2d 60, 63–64 (5th Cir. 1980). *See also Island Creek Coal Co. v. Maynard on behalf of Maynard*, 87 F.4th 802, 809 (6th Cir. 2023) (stating, in a black lung case, that a reviewing court "do[es] not reweigh the evidence or substitute [its] judgment for that of the ALJ") (citation omitted).