[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12416

Non-Argument Calendar

_____

CHRISTOPHER D. COBB,

Petitioner-Appellant,

*versus*

WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 2:23-cv-00008-LGW-BWC

_____

Before JILL PRYOR, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Christopher Cobb, proceeding *pro se*, appeals the district court's order dismissing his 28 U.S.C. § 2241 habeas corpus petition for failure to exhaust administrative remedies. On appeal, he argues that he has standing to bring the challenges he raised in his § 2241 petition, that the district court improperly applied the exhaustion requirements of the Prison Litigation Reform Act, (the "PLRA"), to his § 2241 petition when the PLRA's exhaustion requirements do not apply, and that the court erred in dismissing his petition on exhaustion grounds when he was not required to exhaust any remedies, as doing so would have been futile. After careful consideration, we vacate and remand for further proceedings.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

After Cobb filed his § 2241 petition—which challenges the calculation of his sentence under the First Step Act, 18 U.S.C. § 3632, *et seq.* (the "Act"), and the constitutionality of certain provisions of the Act—the Warden moved to dismiss it. The Warden made two threshold arguments. First, he argued that Cobb lacked Article III standing to facially challenge the First Step Act. Specifically, the Warden argued Cobb had not suffered an injury-in-fact and that the injury Cobb alleged was not redressable by the relief he sought. Second, the Warden argued that Cobb had failed to exhaust his administrative remedies prior to filing his § 2241 petition.

The Warden separately argued that, if the court reached the merits of Cobb's petition, it should be denied.[1]

A magistrate judge entered a report and recommendation ("R&R") that recommended the district court grant the Warden's motion to dismiss because Cobb had failed to exhaust his administrative remedies. The R&R noted that exhaustion was not jurisdictional but explained that it was mandatory. In doing so, it declined to address Cobb's argument that exhausting administrative remedies was futile because he was challenging the constitutionality of a statute, reasoning that futility does not excuse exhaustion. The R&R then concluded it was unnecessary to address the Warden's remaining arguments.

Cobb objected to the R&R's conclusions, arguing, as he does on appeal, that the magistrate judge had erred in applying the PLRA's exhaustion requirement and PLRA caselaw to his § 2241 petition. He did not address standing further, as the R&R had not recommended dismissal of his petition on that ground.

---

[1] A third potential jurisdictional issue arose during the course of the proceedings: Cobb was transferred from Federal Correctional Institution ("FCI") Jesup to FCI Atlanta. After his transfer, Cobb sought an order requiring his return to FCI Jesup so that the district court would retain jurisdiction over his § 2241 petition. The Warden, relying on *McClure v. Hopper*, 577 F.2d 938 (5th Cir. 1978), argued that Cobb's transfer did not destroy jurisdiction. The district court ultimately denied the return request as moot. We need not resolve the parties' dispute on this front, however, since we vacate and remand on other grounds without reaching the merits.

The district court overruled Cobb's objections, concluding that Cobb was required to exhaust his administrative remedies under PLRA precedent and had failed to do so. Then, as to the Warden's standing argument, the district court stated: "[e]ven if exhaustion could be excused or an exception to the exhaustion requirement applied, Cobb likely does not have standing to challenge the constitutionality of the excludable offenses under the First Step Act." Accordingly, the district court adopted the R&R as its final judgment. Cobb's appeal followed. We later granted him permission to appeal *in forma pauperis* on appeal.

## II. STANDARDS OF REVIEW

We review jurisdictional issues *de novo* and *sua sponte*. *Holston Invs., Inc. B.V.I. v. LanLogistics Corp.*, 677 F.3d 1068, 1070 (11th Cir. 2012); *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1304-05 (11th Cir. 2011). We also review the dismissal of a § 2241 petition as unexhausted *de novo*. *See Skinner v. Wiley*, 355 F.3d 1293, 1294 (11th Cir. 2004), *overruled in part on other grounds, as recognized by Santiago-Lugo v. Warden,* 785 F.3d 467, 71-75 (11th Cir. 2015). In undertaking our review, we construe the briefs filed by *pro se* litigants liberally. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

## III. DISCUSSION

The district court erred in failing to determine whether it had jurisdiction over Cobb's petition.

Standing "is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's

23-12416                 Opinion of the Court                          5

claims." *AT&T Mobility, LLC v. NASCAR, Inc.*, 494 F.3d 1356, 1359 (11th Cir. 2007) (quoting *Dillard v. Baldwin Cnty. Comm'rs*, 225 F.3d 1271, 1275 (11th Cir. 2000)).  Because standing is a jurisdictional requirement, it cannot be waived or forfeited.  *See Sloan v. Drummond Co.*, 102 F.4th 1169, 1174 (11th Cir. 2024).  On the other hand, exhaustion is "a precondition to an adjudication on the merits," *Bryant v. Rich*, 530 F.3d 1368, 1373–74 (11th Cir. 2008), but that precondition is not jurisdictional, *Santiago-Lugo*, 785 F.3d at 47-75 ("There is nothing in [§ 2241] to support the conclusion that the judicially imposed exhaustion requirement is jurisdictional. . . . The exhaustion requirement is still a requirement; it's just not a jurisdictional one.").  Unlike jurisdiction, exhaustion as a defense can be waived or forfeited.  *See id.*; *see also Hamer v. Neighborhood Hous. Servs.*, 583 U.S. 17, 19-20 & n.3 (2017) (distinguishing jurisdictional and non-jurisdictional rules).

The district court dismissed Cobb's petition on the ground that he failed to exhaust his administrative remedies before determining that he also "likely" did not have standing.  However, federal courts "cannot exercise hypothetical jurisdiction any more than [they] can issue a hypothetical judgment." *Friends of the Everglades v. E.P.A.*, 699 F.3d 1280, 1289 (11th Cir. 2012); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101-02 (1998).  We conclude the district court erred by not addressing the jurisdictional issue (standing) before reaching the merits of the non-jurisdictional issue (exhaustion).  *Santiago-Lugo*, 785 F.3d at 475; *AT&T Mobility*, 494 F.3d at 1359; *Friends of the Everglades*, 699 F.3d at 1289.

"A federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'" *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)). However, "that leeway 'is not unbounded.'" *Smith v. Marcus & Millichap, Inc.*, 106 F.4th 1091, 1098 (11th Cir. 2024) (quoting *Fla. Wildlife Fed'n v. U.S. Army Corps of Eng'rs*, 859 F.3d 1306, 1324 (11th Cir. 2017) (Tjoflat, J., concurring)). For instance, "courts are generally expected to resolve jurisdictional nonmerits grounds for dismissal before nonjurisdictional nonmerits grounds." *Fla. Wildlife Fed'n*, 859 F.3d at 1324-25 (Tjoflat, J., concurring). The district court did the opposite here. In addition, "standing is perhaps the most important, . . . or alternatively, the most central, . . . of Article III's jurisdictional prerequisites." *Gardner v. Mutz*, 962 F.3d 1329, 1337 (11th Cir. 2020) (internal citations and quotations omitted). For these reasons, we need not definitively decide that the district court lacked any discretion, we would still conclude that the district court and magistrate judge here, where both issues were raised, should have addressed standing before addressing exhaustion.

Because the district court did not definitively rule on the standing issue, we remand to allow it to do so in the first instance. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed on below."). After all, we are "a court of review, not a court of first view." *Callahan v. U.S. Dep't of Health & Hum. Servs. ex rel. Azar*, 939 F.3d 1251, 1266 (11th Cir. 2019). We do not rule on the merits of the parties' exhaustion dispute. If the district court

concludes that Cobb has standing, it may reconsider the exhaustion issue as appropriate.

## IV. CONCLUSION

For the reasons we have explained, we vacate and remand the district court's order for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**