**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-10099
Non-Argument Calendar
_____

JOSEPH BELCIK,

*Petitioner-Appellant,*

*versus*

COMMISSIONER OF INTERNAL REVENUE,

*Respondent-Appellee.*

_____

Petitions for Review of a Decision of the
U.S. Tax Court
Agency No. 32770-21

_____

_____

No. 25-10100
Non-Argument Calendar
_____

JOSEPH BELCIK,

*Petitioner-Appellant,*

*versus*

COMMISSIONER OF INTERNAL REVENUE,

*Respondent-Appellee.*

_____

Petitions for Review of a Decision of the
U.S. Tax Court
Agency No. 11753-22
_____

Before BRANCH, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Joseph Belcik, proceeding *pro se*, appeals from the United States Tax Court an order denying his motion to reconsider the denial of his motion to vacate the tax court's Order finding him liable for tax deficiencies. Belcik argues that we also have jurisdiction to review the underlying order finding him liable for tax deficiencies (the "liability order") and that the liability order is erroneous for several reasons. After careful review, we conclude that we lack jurisdiction to review the underlying tax liability order because Belcik failed to file a timely notice of appeal from that order, and we conclude that the tax court did not abuse its discretion in denying the motion for reconsideration. Accordingly, we dismiss in part and affirm in part.

## I.    Background

In July 2021, the Commissioner of the Internal Revenue Service (the "Commissioner") sent Belcik a notice of deficiency

explaining that he had federal income tax liabilities and additions for tax years 2008 through 2016. The notice stated that it had been sent via certified mail and informed Belcik of his right to file a petition with the tax court by a specified deadline to contest the determination of his liability. In February 2022, the Commissioner sent another notice of deficiency to Belcik, this time for tax years 2017 and 2018. This notice also stated it had been sent via certified mail and provided Belcik with the same information about the petition process, including a separate deadline to contest the determination for tax years 2017 and 2018.

Belcik timely filed petitions with the tax court seeking dismissal of each notice. He contended that the notices were void because they included false information, they were not sent by the proper IRS official, and the tax court lacked jurisdiction over the action because the notice letters did not provide sufficient legal notice. Belcik later filed an amended petition in each case that raised the same arguments. After denying Belcik's petitions, the tax court consolidated the two cases for the purposes of trial, briefing, and opinion.

Belcik then filed a pre-trial motion to dismiss his cases for lack of subject matter jurisdiction. He argued that the tax court did not have jurisdiction to hear the cases because the IRS did not send the notices of deficiency via certified or registered mail. In response, the Commissioner provided copies of the notices and their respective United States Postal Service ("USPS") certified mail tracking information. The Commissioner argued that Belcik's

position lacked merit because the evidence, including the fact that Belcik filed timely petitions, demonstrated that he received the notices with sufficient time to file a petition, which was all that was required. The tax court summarily denied Belcik's motion.[1]

On April 22, 2024, after trial and post-trial briefing,[2] the tax court entered its memorandum opinion, concluding that Belcik had unreported income, was liable for self-employment tax from 2008 through 2016, and was liable for additions to his tax. The tax court also imposed a $2,000 penalty against Belcik for filing baseless motions and asserting frivolous arguments.[3]

Belcik then filed a motion for reconsideration of the memorandum opinion arguing that the tax court lacked jurisdiction because it failed to make an explicit finding that the notices of deficiencies were sent to him via certified or registered mail. The tax court summarily denied that motion for reconsideration.

---

[1] The day after his motion to dismiss was denied, Belcik filed another motion to dismiss each case, repeating his argument that the tax court lacked jurisdiction because there was not sufficient proof that the notices were sent via certified mail. The tax court also denied that motion to dismiss.

[2] In his post-trial briefing, Belcik continued to reiterate his argument that the tax court lacked jurisdiction over him because the Commissioner did not put forth evidence that the IRS mailed the notices of deficiency via certified mail.

[3] The tax court directly addressed Belcik's continued arguments regarding the notices of deficiency and explained that it already rejected that argument when it denied his motion to dismiss.

Next, the Commissioner presented a computation for entry of a decision that outlined Belcik's total liability in accordance with the memorandum opinion. Belcik objected, again reasserting that the notices of deficiency were not properly sent to him.

On September 12, 2024, over Belcik's objection, the tax court entered the liability order, which found Belcik liable for tax deficiencies, additions, and penalties. Belcik filed a motion to vacate the decision reasserting the same objection about delivery of the notice letters. The tax court summarily denied that motion on September 27, 2024.

On October 3, 2024, Belcik filed another motion for reconsideration of the tax court's decision (the "second motion for reconsideration"). He again contended that the Commissioner failed to prove that the IRS properly provided the notices of deficiency and the tax court lacked subject matter jurisdiction because it failed to make an explicit finding that the notices were sent via certified mail.

On October 7, 2024, the tax court denied the second motion for reconsideration. It stated that the record supported the contention that Belcik received the notices, as evidenced by his timely filed petitions, and that where a taxpayer receives the notice and files a timely petition, the Commissioner did not have to prove proper mailing. The tax court then found that, in any event, the Commissioner presented sufficient evidence that the notices were mailed via certified mail.

On January 3, 2025, Belcik filed a notice of appeal from the order denying his second motion for reconsideration.

## II.    Discussion

Belcik argues that we have jurisdiction to review his challenges to the underlying September 2024 tax liability order, and that the district court erred in denying his second motion for reconsideration.  We first address the jurisdictional issues.  After finding that we only have jurisdiction to review the denial of the second motion for reconsideration, we then address the merits of that issue.

### A.  We lack jurisdiction to review the liability order, but we have jurisdiction to review the tax court's denial of the second motion for reconsideration.

"We review our subject-matter jurisdiction *de novo*."  *Sloan v. Drummond Co.*, 102 F.4th 1169, 1173 (11th Cir. 2024).  We have jurisdiction to review decisions of the tax court "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." 26 U.S.C. § 7482(a)(1).  If a notice of appeal from a tax court decision is untimely, we lack jurisdiction and must dismiss it.  *Roberts v. Comm'r of Internal Revenue*, 175 F.3d 889, 893 (11th Cir. 1999).  To be timely, a notice of appeal from the tax court must be filed no later than 90 days after the challenged decision is entered on the docket. 26 U.S.C. § 7483; Fed. R. App. P. 13(a)(1)(A).

If a party files a timely motion to vacate a tax court decision, the time to appeal the decision "runs from the entry of the order disposing of the motion or from the entry of a new decision, whichever is later." Fed. R. App. P. 13(a)(1)(B). But successive post-judgment motions for reconsideration do not continue to toll the time to appeal from the underlying judgment. *Dixie Sand & Gravel Co. v. Tenn. Valley Auth.*, 631 F.2d 73, 74–75 (5th Cir. 1980).[4]

The liability order was entered on September 12, 2024, and Belcik filed a timely motion to vacate the decision on September 24, 2024, which tolled the time for Belcik to file a notice of appeal. Fed. R. App. P. 13(a)(1)(B). The tax court denied the motion to vacate on September 27, 2024, which ended the tolling period. *Id.* So, the 90-day deadline for Belcik to file his notice of appeal to challenge the liability order was December 26, 2024—90 days after September 27. *See* 26 U.S.C. § 7483; Fed. R. App. P. 13(a)(1)(A). Belcik filed his notice of appeal on January 3, 2025, making it untimely as to the liability order.

Belcik argues that the second motion for reconsideration, which the tax court denied on October 7, 2024, also tolled the deadline for his notice of appeal. But as we have consistently held, successive post-judgment motions do not continue to toll the time to appeal from an underlying judgment. *See, e.g., Dixie Sand &*

---

[4] *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (holding that all decisions from the Fifth Circuit Court of Appeals issued before October 1, 1981, are binding precedent in the Eleventh Circuit).

*Gravel*, 631 F.2d at 74–75; *Sloan*, 102 F.4th at 1174; *Wright v. Preferred Rsch., Inc.*, 891 F.2d 886, 889 (11th Cir. 1990).

We do, however, have jurisdiction to review the tax court's denial of the second motion for reconsideration because the notice of appeal was timely as to that order. *See* 26 U.S.C. § 7483; Fed. R. App. P. 13(a)(1)(A).

> ### B. The tax court did not abuse its discretion when it denied the second motion for reconsideration.

"We review Tax Court orders denying [a] motion[] for reconsideration for abuse of discretion." *Sarma v. Comm'r of Internal Revenue*, 45 F.4th 1312, 1320 n.9 (11th Cir. 2022). Accordingly, "[w]e will reverse . . . only if we have a definite and firm conviction that the Tax Court committed a clear error of judgment in the conclusion it reached." *Davenport Recycling Assocs. v. Comm'r of Internal Revenue*, 220 F.3d 1255, 1258 (11th Cir. 2000).

Litigants in the tax court can file motions for reconsideration of any opinion or factual finding. Tax Ct. R. 161. "When deciding a motion to reconsider . . . Tax Courts look to the Federal Rules of Civil Procedure and case law" applying those rules. *Finnegan v. Comm'r of Internal Revenue*, 926 F.3d 1261, 1268 (11th Cir. 2019). So we have evaluated motions to reconsider in the tax court using our case law related to Federal Rule of Civil Procedure 59(e) and 60(b). *See Finnegan*, 926 F.3d at 1270 (applying our Rule 59(e) and 60(b) precedent in an appeal from a tax court's denial of a motion for reconsideration). It is well-established that parties cannot use a motion for reconsideration "to relitigate old matters." *Michael*

*Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).  A motion for reconsideration must do more than "repeat arguments previously made" or "regurgitate[]" previous briefing. *Gonzalez-Arroyo v. Doctors' Ctr. Hosp. Bayamon, Inc.*, 54 F.4th 7, 19 (1st Cir. 2022) (quotations omitted).

In the second motion for reconsideration, Belcik argued that the tax court did not have jurisdiction over him because the notices of deficiency were not sent via certified mail.  But Belcik already made that argument.  In fact, Belcik raised that issue on at least eight prior occasions throughout the tax court proceedings, beginning with his initial petitions, continuing through pre-trial motions, further through post-trial briefing, and finally in his initial motion for reconsideration and motion to vacate.  The tax court denied that argument each time.  While the second motion for reconsideration repeated Belcik's argument, it provided no reason for the tax court to revisit its prior rulings by pointing to facts or law that it may have overlooked.

Because Belcik's arguments in the second motion for reconsideration were yet another regurgitation of his position that the initial notices he received from the Commissioner were not properly sent by certified mail, they were improper for a motion for reconsideration.  *See Michael Linet*, 408 F.3d at 763; *Gonzalez-Arroyo*, 54 F.4th at 19.  Thus, the tax court did not abuse its discretion in denying that motion.

### III.    Conclusion

We lack jurisdiction to review the liability order.  While we have jurisdiction to review the tax court's denial of the second motion for reconsideration, the tax court did not abuse its discretion in denying that motion.  Accordingly, we dismiss in part and affirm in part.

**DISMISSED IN PART AND AFFIRMED IN PART.**