**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

Nos. 23-12413 ; 23-13392

Non-Argument Calendar

_____

CARLOS A. ALONSO CANO,
  as next friend of his minor daughters
  Katy Alonso Morejon and Jany Leidy Alonso Morejon,
FE MOREJON FERNANDEZ,

                                          *Plaintiffs-Appellants,*

JANY L. ALONSO,

                                          *Interested Party-Appellant,*

*versus*

245 C&C, LLC,

CFH GROUP, LLC,

                                          *Defendants-Appellees.*

_____

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cv-21826-JAL

_____

Before LUCK, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

In this consolidated appeal, Plaintiffs-Appellants Carlos Alonso Cano (Cano); his wife, Fe Morejon Fernandez; and their daughter, Jany Alonso Morejon (collectively, Appellants),[1] appeal: (1) various discovery, pretrial, and posttrial orders; (2) the district court's partial grant of summary judgment in favor of Defendants-Appellees 245 C&C, LLC and CFH Group, LLC (collectively, Appellees) on Appellants' Fair Housing Act (FHA) discrimination and retaliation claims, 42 U.S.C. § 3601 *et seq.*, and state law claim for the breach of the covenant of quiet enjoyment; and (3) the district court's verdict in favor of Appellees on Appellants' remaining FHA discrimination claims following a bench trial. After careful review, we affirm in part and dismiss in part this appeal.

## I.

Appellants first argue that the magistrate judge and the district judge abused their discretion in imposing a $3,000 sanction against Cano for a discovery violation.

We review a district court's discovery order imposing sanctions for an abuse of discretion. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). A district court abuses its discretion when it "applies an incorrect legal standard, fails to follow the appropriate procedures when making the relevant

---

[1] Angie Morejon and Katy Morejon, while plaintiffs below, are not parties in the present appeal.

determination, or makes findings of fact that are clearly errone-ous." *Consumer Fin. Prot. Bureau v. Brown*, 69 F.4th 1321, 1329 (11th Cir. 2023). We will not reverse the imposition of sanctions unless we are left with a "definite and firm conviction" that the district court made a "clear error of judgment." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1313 (11th Cir. 2011). We af-ford "wide discretion" to district courts when they impose sanc-tions because the imposition of sanctions is "heavily dependent on the court's firsthand knowledge, experience, and observation." *Brown*, 69 F.4th at 1329.

Pro se briefs are liberally construed. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam). Importantly, "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the ap-pellant must include in the record a transcript of all evidence rele-vant to that finding or conclusion." Fed. R. App. P. 10(b)(2). The burden is on the appellant to ensure the appellate record is com-plete, and we "must affirm the district court when an appellant fails to provide all the evidence that the trial court had before it when making various contested . . . rulings." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (per curiam).

Under 28 U.S.C. § 1927, any attorney or other person admit-ted to conduct cases in any court of the United States or any terri-tory thereof who unreasonably and vexatiously multiplies proceed-ings may be required to pay the attorney's fees and costs incurred by his conduct.

Under Rule 37(a), a party may move for an order compelling disclosure or discovery, and if the motion is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, *the party or attorney advising that conduct, or both to pay* the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(1), (5)(A) (emphasis added). However, the court must not order payment of sanctions if the movant filed the motion before attempting in good faith to obtain the discovery sought, the opposing party's nondisclosure was substantially justified, or other circumstances would make the payment of sanctions unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Here, neither the magistrate judge nor the district judge abused their discussion in imposing the sanction against Cano. Although Cano argued that the sanction should have been imposed against his attorney Michael Lutfy under § 1927, the magistrate judge appropriately relied on Federal Rule 37, which allows for the sanction to be imposed upon a party. The record reveals that the district court allowed Cano an opportunity to respond and appropriately determined that it was not left with a definite and firm conviction that the magistrate judge made a clear error of judgment. *Josendis*, 662 F.3d at 1313.

Further, Appellants failed to ensure the record was complete. As the party with the burden of proof, Appellants failed to provide the relevant discovery hearing transcripts to both the district court and this court. Their failure to provide these transcripts

supports the conclusion that this court should affirm the imposition of sanctions.

Because Cano failed to demonstrate that his delay in disclosing discovery was substantially justified, we affirm the impositions of sanctions against Cano.

## II.

Appellants next challenge the magistrate judge's orders granting Appellees' motion to strike their jury demand and denying Appellants' motion to amend their second amended complaint. Appellees contend that this court lacks jurisdiction to consider the issue because Appellants failed to timely object to the magistrate judge's orders under Federal Rule of Civil Procedure 72(a).

We review our subject-matter jurisdiction de novo. *Sloan v. Drummond Co., Inc.*, 102 F.4th 1169, 1173 (11th Cir. 2024). Generally, our jurisdiction is limited to "final decisions of the district courts." 28 U.S.C. § 1291.

A federal magistrate judge may be assigned to hear and determine non-dispositive pretrial matters and are subject to reconsideration by the district court if there are timely objections or an order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a)–(b). A magistrate judge's order denying a plaintiffs' motion to amend their complaint is a non-dispositive pretrial motion. *Smith v. Marcus & Millichap, Inc.*, 106 F.4th 1091, 1099 (11th Cir. 2024).

Pro se parties are required to follow procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam).

When a non-dispositive pretrial matter is referred to a magistrate judge, "[a] party may serve and file objections to the order within 14 days after being served with a copy.  A party may not assign as error a defect in the order not timely objected to."  Fed. R. Civ. P. 72(a).  As such, Rule 72(a) applies to instances where a party fails to object to the magistrate judge's order.  *See Smith*, 106 F.4th at 1099–1100.

Pursuant to 28 U.S.C. § 636(b)(1)(A), when a magistrate judge rules on a pretrial matter, the "[a]ppeals from the magistrate's ruling must be to the district court," so we lack jurisdiction to hear appeals "directly from federal magistrates."  *United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980).[2]  We have applied *Renfro* in cases where a magistrate judge issues a non-dispositive order, a party failed to object to the order, and the same party subsequently appealed from a final judgment.  *United States v. Schultz*, 565 F.3d 1353, 1359–62 (11th Cir. 2009) (per curiam).

Here, we lack jurisdiction to consider Appellants' challenge to the magistrate judge's order granting Appellees' motion to strike their jury demand and the order denying their motion to amend their second amended complaint because they failed to timely

---

[2] We are bound by decisions of the United States Court of Appeals for the Fifth Circuit issued before October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

object to the magistrate judge's order under Rule 72.[3]  Thus, we dismiss this issue.

### III.

Next, Appellants challenge the district court's partial grant of summary judgment in favor of Appellees on their second amended complaint's Counts 4, 5, 9, 10, 11, 12, and 14.  Count 4 addressed Appellants' requested accommodation for Appellees to paint their guest bathtub.  Count 5 focused on Appellants' noise complaints coming from tree trimming and pressure washing equipment.  Count 9 alleged retaliatory actions by Appellees because of Appellants' failure to remove tape from their windows.  Those retaliatory actions include Appellees threatening to fine Appellants $150, providing a seven-day notice to cure, and later giving a lease termination notice.  Count 10 claimed that Appellants suffered harassment from OnCall Patrol.  Count 11 asserted that there was a causal connection between Appellants filing their second Housing and Urban Development Department (HUD) complaint and Appellees initiating eviction proceedings.  Count 12 asserted that Appellees appealing the state court's decision regarding the state eviction proceedings was frivolous.  Count 14 alleged that Appellees breached the covenant of quiet enjoyment.

We review a district court's grant of summary judgment de novo.  *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1291 (11th Cir.

---

[3] Appellants also challenge the magistrate judge's authority to rule on the motion to strike.  But we need not consider the merits of Appellants' contentions as a result.  *Weber v. Finker*, 554 F.3d 1379, 1385 (11th Cir. 2009).

2012). Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We construe all facts and draw all reasonable inferences in favor of the nonmoving party. *Jones*, 683 F.3d at 1291–92.

A party abandons claims on appeal when they fail to plainly and prominently raise the issue in their brief. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). Parties must do more than make passing references or raise the issue in a perfunctory manner to adequately preserve an issue for appellate review. *Id.* Thus, to properly preserve an argument for appellate review, a party must advance arguments or cite authority to establish the district court's error. *Id.* This rule applies to pro se parties because although we liberally construe pro se briefings, issues not briefed on appeal by pro se litigants are deemed abandoned. *Timson*, 518 F.3d at 874.

The FHA prohibits landlords from discriminating against individuals on the basis of their disability by refusing to make necessary reasonable accommodations or modifications to afford that person an equal opportunity to use and enjoy their dwelling or the premises. *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, 765 F.3d 1277, 1285 (11th Cir. 2014). An FHA failure to accommodate claim has four elements: (1) the plaintiff is disabled; (2) the plaintiff requested a reasonable accommodation; (3) the requested accommodation was necessary to give the plaintiff an opportunity to use and

enjoy his dwelling; and (4) the defendants refused to make the accommodation. *Id.*

As to the first element, defendants must know of the complained-of handicap and the necessity of the accommodation, as they cannot be held liable for refusing to grant an accommodation that they did not know was necessary. *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1219 (11th Cir. 2008). If a landlord is skeptical about a tenant's alleged disability, the landlord must request documentation or open a dialogue with the tenant regarding the disability. *Bhogaita*, 765 F.3d at 1287. As to the third element, the requested accommodation "must (1) actually alleviate the effects of the plaintiff's disability and (2) address the needs created by the plaintiff's disability." *Sailboat Bend Sober Living, LLC v. City of Fort Lauderdale*, 46 F.4th 1268, 1280 (11th Cir. 2022). We take a more expansive view of the term necessary, asking if the effect of the handicap, not the handicap per se, would be alleviated by the requested accommodation. *Schaw v. Habitat for Human. of Citrus Cnty., Inc.*, 938 F.3d 1259, 1270 (11th Cir. 2019).

Additionally, the FHA makes it "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by" the FHA. 42 U.S.C. § 3617. Unlawful conduct under this statute includes "[t]hreatening, intimidating or interfering with persons in their enjoyment of a dwelling because of [their] handicap,"

"[r]etaliating against any person because that person has made a complaint, testified, assisted, or participated in any manner in a proceeding under the Fair Housing Act," and "[r]etaliating against any person because that person reported a discriminatory housing practice to a housing provider or other authority." 24 C.F.R. § 100.400(c)(2), (5), (6).

To establish a prima facie case of retaliation, a plaintiff must demonstrate that he engaged in a protected activity, he suffered an adverse action, and there was a causal connection between the protected activity and the adverse action. *Frazier-White v. Gee*, 818 F.3d 1249, 1258 (11th Cir. 2016). The protected activity element may be met by the plaintiff making a reasonable accommodation request. *Id.* A plaintiff must also demonstrate that they had a reasonable, good faith belief that the defendant was engaging in unlawful activity. *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002). Good faith belief requires the belief itself to be objectively reasonable in light of the facts. *Id.* A lack of statutory support or case law demonstrating defendants' activities were unlawful supports the finding that a plaintiff's belief is not objectively reasonable. *See Dixon v. The Hallmark Co., Inc.*, 627 F.3d 849, 857 (11th Cir. 2010).

The third element also requires a showing of but-for causation. *Frazier-White*, 818 F.3d at 1258. To establish causation, the plaintiff must demonstrate that the decisionmaker was aware of the plaintiff engaging in protected conduct and that the protected

conduct and the adverse action were not wholly unrelated. *Kidd v. Mando Am. Corp.*, 731 F.3d 1196, 1211 (11th Cir. 2013).

Where express covenants in a lease provision are inconsistent with the implied covenant of quiet enjoyment, a court is free to give effect to both the express and implied covenants. *Stinson, Lyons, Gerlin & Bustamante, P.A. v. Brickell Bldg. 1 Holding Co., Inc.*, 923 F.2d 810, 815 (11th Cir. 1991).

As an initial matter, Appellants abandoned any challenges as to Counts 4 and 10 because they failed to plainly and prominently argue those issues in their brief. *Sapuppo*, 739 F.3d at 681.

To Count 5, in which Appellants complained of the noisy equipment from the tree trimmers and pressure washing, the district court properly determined that there was no dispute of material fact showing that Appellees knew the reasonable accommodations requested were necessary nor did they have prior knowledge of Angie's disability.

First, the record does not support that the effects of Angie's disability would have been alleviated by accommodations. A review of medical evidence in the record reveals that Angie was diagnosed with hearing loss, with one doctor noting that he had no startle response to sounds as loud as 100 decibels. Appellants' submitted videos reflect almost inaudible sound when their sliding glass door is closed, the volume only increasing when the door was open or when there was a short burst of sound from a chainsaw or woodchipper. Second, Cano's complaints never expressed how Angie's disabilities made him sensitive to loud noises nor why the

requested accommodation was necessary.  Cano referred to Angie as his disabled son, but did not explicitly share that Angie had a sensitivity to noise nor provided documentation that would support his accommodation requests.  Rather, Cano merely stated that his disabled son was inconvenienced or that Angie's sleep was disrupted by noise.

Also, Appellants were unable to establish that the district judge failed to consider all relevant evidence in making this determination, including evidence from Appellants' self-titled PSUSB.[4] We find the district court properly considered all relevant evidence, including citing to evidence submitted on the PSUSB.

As such, the district court did not err in granting summary judgment in favor of Appellees on Count 5 because there is no genuine dispute of material fact as to whether the requested accommodation was necessary or if Appellees even knew the requested accommodation could have been necessary.

We affirm the district court's ruling on Count 9 because Appellants were unable to establish that Appellees engaged in retaliation after Appellants did not remove tape from their windows.  Appellees threatened to fine Appellants $150 for failing to remove tape from their windows, provided Appellants a seven-day notice to cure, and then gave Appellants a notice of termination of their lease.  Appellants did not demonstrate that they had a reasonable,

---

[4] The PSUSB is a USB that contained both evidence included in the previous USB as well as evidence not submitted within the first USB.

good faith belief that Appellee's actions were unlawful. *Weeks*, 291 F.3d at 1311. There is neither statutory support nor case law that would support an objective belief that Appellees violated the law by telling their tenants they needed to remove tape from their windows or face a fine. There is similarly no statute nor case that prohibits landlords from giving noncompliant tenants a notice to cure or a non-renewal letter. Thus, Appellant's belief was not objectively reasonable. As such, there is no genuine dispute of material fact and the district court properly granted summary judgment as to Count 9.

We affirm the district court's determination that there was no genuine issue of material fact in Count 11 regarding the causal connection between Appellees initiating eviction proceedings and Appellants filing their second HUD complaint. Appellants filed their second HUD complaint one day after being served with the notice of nonrenewal. Appellants then refused to vacate the apartment in accordance with the nonrenewal, at which time Appellees initiated eviction proceedings. Further, once Appellees had notice of the HUD complaint, they came to a mutual agreement to extend Appellants' move out date by five months to accommodate the investigation. The record provides no evidence that Appellees had knowledge of the HUD complaint when they initiated eviction processes, therefore Appellants' HUD complaint could not have been the but-for cause of their eviction. Thus, there is no genuine dispute of material fact and the district court appropriately granted summary judgment as to Count 11.

We affirm the district court's determination on Count 12 because Appellants failed to demonstrate that Appellees acted in retaliation through their appeal in the state eviction proceedings. Record evidence supports that Appellees appealed the decision from the state court eviction proceedings in Florida state court because they had a reasonable belief they were entitled to judgment in their favor, not, as Appellants claim, as an abuse of process to threaten, coerce, intimidate, or retaliate against Appellants. Thus, we find that Appellants failed to show a genuine issue of material fact and the district court properly granted summary judgment to Appellees as to Count 12.

We affirm the district court's determination on Count 14. Appellants failed to establish a genuine dispute of material fact by demonstrating that Appellees violated the covenant of quiet enjoyment because their claims are either waived by the lease agreement and good conduct addendum or not supported by record evidence. Appellants' allegations as to maintenance workers and fumigators entering their apartment without prior notice is waived by the express covenant in the lease that allows maintenance and pest control to enter Appellants' apartment "at any reasonable time, without notice for inspection." Appellants' complaints about their noisy neighbors are waived by the good conduct addendum, in which Appellants agreed to tell management of any noise problems and allow staff to handle it in an appropriate manner. Appellants' allegations regarding the water shut offs are waived by the lease agreement and good conduct addendum because Appellants acknowledged in the good conduct addendum that it was possible

water could be turned off temporarily without notification during an emergency. And when the water shut off happened outside of an emergency, Appellees gave Appellants advanced notice. Finally, as to Appellants' complaint about the laundry equipment making noise, the record demonstrates that the laundry equipment's noise was not audible in Appellants' apartment. Thus, the district court appropriately determined that Appellants did not establish a genuine dispute of material fact showing that Appellees violated the covenant of quiet enjoyment.

In sum, we dismiss Appellants' challenges regarding Counts 4 and 10 because they abandoned any potential argument. We affirm the district court's granting of summary judgment to Appellees on Appellants' Counts 5, 9, 11, 12, and 14 because no genuine issue of material fact exists regarding each issue.

## IV.

Appellants next challenge the district court's bifurcation of the trial as well as its verdict following a bench trial, where the court determined that Count 1 was barred by the FHA's two-year statute of limitations and that Count 3 was meritless. In Count 1, Appellants asserted that Appellees violated the FHA by failing to provide a reasonable accommodation when they refused to give Angie a specific handicap parking spot. In Count 3, Appellants alleged Appellees violated the FHA by refusing to permit reasonable modifications of the premises by declining to permit the modification of Angie's bathroom.

We review the district court's order bifurcating trial for an abuse of discretion. *Allstate Ins. Co. v. Vizcay*, 826 F.3d 1326, 1333 (11th Cir. 2016). District courts are allowed to bifurcate issues for separate trials for "convenience . . . or to expedite and economize." Fed. R. Civ. P. 42(b). Moreover, "each party is deemed bound by the acts of his lawyer-agent," and a party cannot "avoid the consequences of the acts or omissions of [their] freely selected agent." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962).

A district court's interpretation and application of a statute of limitations is reviewed de novo. *Ctr. for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1334 (11th Cir. 2006) (per curiam). After a bench trial, we review a district court's conclusions of law de novo and its findings of fact for clear error. *U.S. Commodity Futures Trading Comm'n v. S. Tr. Metals, Inc.*, 894 F.3d 1313, 1322 (11th Cir. 2018).

Regarding findings of fact, we will not find clear error unless we are left with a "definite and firm conviction" that a mistake was made. *Sidman v. Travelers Cas. & Sur.*, 841 F.3d 1197, 1201 (11th Cir. 2016) (quotation marks omitted). Thus, a district court's factual findings will stand so long as they are supported by substantial evidence. *Id.* To bring an FHA failure to accommodate claim, a plaintiff must show that they actually made a request and that the request was refused. *Schwarz*, 544 F.3d at 1219. The FHA has a two-year statute of limitations. 42 U.S.C. § 3613(a)(1)(A).

We ordinarily will not review the district court's credibility findings because witness credibility is within the court's province.

*Sidman*, 841 F.3d at 1201. We give "great deference" to the district court's credibility determinations because the district court is the only one who could assess variations in demeanor and the witness's tone of voice. *OHI Asset (VA) Martinsville SNF, LLC v. Wagner*, 115 F.4th 1296, 1303 (11th Cir. 2024). We cannot set aside a finding of fact based on the district court's decision to credit one witness's testimony over another where that witness's testimony was coherent and facially plausible and was not contradicted by extrinsic evidence. *Id.*

Here, Appellants did not provide arguments or citations to authority demonstrating how the district court abused its discretion in bifurcating the trial. Thus, Appellants abandoned their challenge against the district court's bifurcation because they failed to plainly and prominently raise that issue in their brief. *See Timson*, 518 F.3d at 874.

As to Count 1, the district court correctly determined that Appellants' claim was barred by the FHA's two-year statute of limitations. Both parties agreed that Appellants requested a reserved handicapped parking space in late 2012 or early 2013. Appellants point to Cano's testimony to show Appellants requested a reserved handicapped parking space at various times in 2013, 2015, 2016, and 2017. The 2017 alleged requests are the only ones which may have fallen within the statute of limitations because this suit was filed on May 6, 2019. But there is no evidence beyond Cano's testimony that supports a handicapped parking space request in 2017 (or any other time besides the late 2012 or early 2013 request). The district

court did not find Cano's testimony credible due to its observations of Cano throughout the trial and that his testimony was not supported by any extraneous evidence. Appellants did not provide evidence such as eyewitnesses or documentation responding to the alleged requests, and other testimonies contradicted Cano's claim. Accordingly, substantial evidence supports the district court's finding that Appellants only requested a reserved handicapped parking space once in either 2012 or 2013. And even if the request happened in 2013, the denial is clearly outside the two-year statute of limitations for an FHA failure to accommodate claim. Thus, we affirm the district court's determination that Appellants are barred by the statute of limitations as to Count 1.

As to Count 3, the district court properly determined that Appellees did not refuse to accommodate Appellants' request for a bathroom modification. The court appropriately found that Appellants failed to demonstrate their request was denied, an essential element of a failure to accommodate claim. The court's determination is supported by substantial record evidence, which shows that Appellants made one official request for a bathroom modification on August 26, 2018, which was approved the next day and confirmed a few days later. Thus, we affirm the district court's conclusion that Appellants failed to establish a prima facie failure to accommodate claim for Count 3.

## V.

Finally, Appellants ask this court to vacate a Florida appellate court decision that was rendered against them. Appellees

23-12413                Opinion of the Court                19

contend we lack jurisdiction to consider this issue under 28 U.S.C. §§ 1291–1296 and the *Rooker-Feldman*[5] doctrine.

Our jurisdiction is limited to "appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. We also have jurisdiction to review certain interlocutory orders and specific issues of controlling questions of law on orders not otherwise appealable. 28 U.S.C. § 1291(a), (b).

The *Rooker-Feldman* doctrine bars federal district courts from reviewing or rejecting state court judgments rendered before the district court litigation began. *Behr v. Campbell*, 8 F.4th 1206, 1212 (11th Cir. 2021). It "eliminates federal court jurisdiction over those cases that are essentially an appeal by a state court loser seeking to relitigate a claim that has already been decided in a state court." *Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1281 (11th Cir. 2018). The doctrine is of a "limited scope" and "ensure[s] that the inferior federal courts do not impermissibly review decisions of the state courts—a role reserved to the United States Supreme Court." *Id.* at 1281, 1285.

Here, we lack jurisdiction to consider this argument. This issue involves consideration of an order we are not permitted to review because it is not a final order of a United States District Court nor an interlocutory order or issue that solely involves a question of law. Appellants seek the reversal of a state court

---

[5] *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *Dist. Of Col. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

20                    Opinion of the Court                    23-12413

decision against them, which the *Rooker-Feldman* doctrine explicitly prohibits.  Thus, we dismiss this claim.

**AFFIRMED IN PART and DISMISSED IN PART.**[6]

---

[6] In their reply brief, Appellants contended that the district court erred in granting Appellees' motion for taxable costs.  We will not address arguments raised for the first time in the appellant's reply brief.  *Timson*, 518 F.3d at 874.  Here, while Appellants indicated their intent to appeal the order imposing costs in their notice of appeal, they failed to raise this issue in their initial brief, meaning they have abandoned this issue on appeal.  As such, we affirm.